**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:  1:10-cv-03123-PAB-KMT

MARTHA SIERRA

Plaintiff,

vs.

STONEBRIDGE LIFE INSURANCE CO.

Defendant.

_____

**STIPULATED CONFIDENTIALITY ORDER**

_____

The parties stipulate as follows:

  1. This action involves allegations of breach of insurance contract and deceptive practices. Plaintiff seeks internal guidelines and related documents of Defendant Stonebridge Life Insurance Co. and its corporate affiliates and employees and agents (collectively, Defendant). Such records are not available to the public and are considered and treated by Defendant as confidential. Any guideline or any other document which Defendant wishes to include within this agreement (collectively, "guidelines") shall be marked "Subject to protective order *Sierra v. Stonebridge Life*, No. 10-3123 (D.Colo.)." Documents so marked are considered as a designation of CONFIDENTIAL for purposes of this Stipulated Confidentiality Order.

  2.  In light of the allegations of this case, Plaintiff and Defendant agree that these guidelines and records may be relevant for discovery purposes. By producing these guidelines in discovery neither Plaintiff nor Defendant takes any position on their admissibility for other purposes, such admissibility to be determined at the appropriate later time.

   3.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

   4.   Subject to the terms of Paragraph 3 hereof, Plaintiff and her counsel agree that documents subject to this agreement (i.e., guidelines and other documents marked "Subject to protective order *Sierra  v. Stonebridge Life,* No. 10-3123 (D.Colo).") will be protected as follows:

(a) Such documents shall remain confidential and not be disclosed by Plaintiff or her agents (including counsel for Plaintiff) to any person not legitimately connected with this lawsuit unless as  provided herein;

(b) The control and distribution of these documents shall be the responsibility of the Plaintiff's attorneys of  record, who, if they provide these documents to experts or  third persons who are legitimately connected to this lawsuit, agree (i) to first disclose to the Defendant's counsel the identity of such person, (ii), before providing such documents to any third person, obtain such third person's written agreement to not further distribute the documents to other persons,

and to destroy the documents at the conclusion of the case, and provide a certificate of destruction which will be provided forthwith to the Defendant's counsel  (iii) provide a copy of such written agreement to opposing counsel within one week providing the documents to such their person;

(c) If either party wishes to use any document protected hereunder in connection with a pretrial motion, including a motion for summary judgment, the document shall be attached to the motion or other filing in an envelope marked confidential. Any such markings filed with the Court shall abide by the provisions of Local Rule 7.2.  However, the parties acknowledge that the Court is under an obligation to follow separate requirements and that filing a motion does not automatically guarantee Court approval to restrict public access.  A party will be deemed to have met their obligations under this order if the proper procedures under Local Rule 7.2 have been followed, even if the Court denies the request ;

(d)   If either party offers a document protected hereunder into evidence at trial, such document, if admitted, shall be, upon publication of same to the jury, and upon the jury's returning of the verdict, be placed into an envelope marked "confidential"; and

(e) That upon conclusion of this litigation, any and all copies of these confidential documents shall be returned to counsel for Defendant, or shall be destroyed by plaintiff's counsel, who shall so certify to defendant's counsel. Counsel for Plaintiff agrees to retrieve and destroy all documents subject hereto from experts and other persons who are permitted hereunder to receive copies of confidential documents subject hereto, or to obtain a certificate of destruction from such third parties, and provide same to Defendant's counsel.

   5. The parties agree that counsel for Defendant shall file the Motion for Entry of Stipulated Confidentiality Order, which has been provided in advance to Plaintiffs' counsel, who as approved the form of such motion.

   SO ORDERED:
   Dated: August 15, 2011.
                        BY THE COURT:

                        *[signature]*

                        United States Magistrate Judge